UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO (Youngstown)

| | |
|---|---|
| IN RE: | CASE NO. 19-42174 - jpg |
| CALIFORNIA PALMS, LLC, | JUDGE JOHN P. GUSTAFSON |
| Debtor | CHAPTER 11 |
| | **RECEIVER'S REQUEST FOR INSTRUCTIONS** |

\* \* \* \*

NOW COMES John K. Lane of Inglewood Associates LLC, the Court-appointed receiver (the "Receiver") for Debtor California Palms, LLC ("California Palms"), by and through undersigned counsel, and hereby respectfully requests further instructions (the "Request") from the Court in response to the Debtor's (A) *Chapter 11 Petition* filed on November 29, 2019 (the "Petition") [Docket No 1.] and (B) Notice of Removal filed on December 2, 2019 (the "Removal Notice") [Docket No. 7.] removing, and not staying, the State Court Action (as defined herein) from the Mahoning County Court of Common Pleas (the "State Court") to this United States Bankruptcy Court for the Northern District of Ohio. For his Request[1], the Receiver respectfully states:

---

[1] This Request supplements and is in addition to statements already made by Receiver to the State Court on October 10, 2019. Receiver recognizes that the Bankruptcy Court may want additional information and Receiver requests the opportunity to respond to questions the Bankruptcy Court may have on these matters.

Under case number 2018 CV 01015, the State Court entered the *Stipulated Order Appointing Receiver* (the "Receiver Order") on August 22, 2019 appointing Mr. Lane as receiver over Debtor, the entity that owns the real property located at 1051 N. Canfield Road in Austintown, Ohio (the "Real Property"), among other property and interests. Receiver is not receiver over any other parties, including California Palms Addiction Recovery Campus Inc. ("CaliParc") and Sebastian Rucci ("Mr. Rucci").

Following his appointment as Receiver, Mr. Lane immediately filed his Oath of Receiver with the Court and obtained the required bond so he could begin the work requested and ordered by this Court. He also immediately engaged with Mr. Rucci and CaliParc to assess the situation and begin the process of protecting the assets of California Palms (primarily the Real Property) and making efforts to preserve (and hopefully) maximize the value of the assets of California Palms. To perform this assessment and work, Receiver has done the following, among other things:

- Numerous site visits to the Real Property to examine the premises and facilities;
- Demanded financial records of California Palms and CaliParc to evaluate operations and income sources, among other things;
- Demanded confirmation of in place insurance to protect Real Property and an update to show Receiver and Pender named as additional insureds;
- Demanded confirmation that real estate taxes and utilities are paid up to date and kept paid up to date;
- Demanded access to billing records of CaliParc to determine future income sources;
- Demanded updates and access to financing efforts of CaliParc/Mr. Rucci and related parties to evaluate efforts of the same to obtain financing to satisfy debts owed to Pender and the Receiver;
- Demanded payment for use of the Real Property for September and October of 2019 at $50,000 per month (a rate agreed to in the May 31 Settlement Agreement);

- Monitored and required compliance with the October 30 Order (as defined herein); and

- Worked with all parties, as appropriate, with Mr. Rucci and CaliParc's financing efforts (mostly serving as a *de facto* moderator and communicator).

Receiver reviewed all data provided to him. The data (including financial) provided was inconsistent and inconclusive, as were discussions with Mr. Rucci's professionals when pressed for clarifying information. Repeated efforts for clarification have been made.

CaliParc has operated its mental health and addiction recovery practice from the Real Property as a state-licensed operation. Pursuant to the agreements of CaliParc, Debtor, Mr. Rucci and others, CaliParc is operating from the Real Property without any lease and pursuant to the May 31, Settlement Agreement, CaliParc and Mr. Rucci, among others, agreed to vacate the Real Property (so long as it was the subject of this matter and the Receivership) on or before October 14, 2019. Presently, CaliParc and Mr. Rucci (and potentially others) remain on the Real Property and are serving patients and clients from the Real Property. As of late October 2019, CaliParc was providing services for approximately thirty-six (36) resident patients at the Real Property. As of the date of filing this Request, CaliParc (and its patients over whom it has responsibility) has not vacated the Real Property, and upon information and belief, the patient census on the premises of the Debtor has reduced to approximately fourteen (14) patients, perhaps less.

Receiver makes no comment on the quality or quantity of services being provided by CaliParc or Mr. Rucci, other than to state that services continue to be provided at the Real Property.

Receiver also talked with parties relating to CaliParc/Mr. Rucci's financing efforts – namely brokers working with CaliParc/Mr. Rucci and potential lenders. Discussions with these parties revealed that real discussions had occurred, but no firm Letters of Commitment or

similar had been issued to CaliParc/Mr. Rucci. Receiver comments that interest appears exist from lenders known to finance highly leveraged and high risk situations, but timing (and amounts) for any financing remain unclear at best. Receiver further comments that negotiations with one lender, Pelorus Equity led to concrete discussions with a known title agent who was actively making efforts with all parties to effectuate a closing of funding.[2]

On October 18, 2019, Pender filed its *Motion (A) to Enforce State Court Order Approving Settlement Agreement and Release Effective May 31, 2019 and Enforce Such Agreement and (B) to Show Cause Why Third –Party Defendant California Palms Addiction Recovery Campus Inc. and Plaintiff/Counter-Defendant Sebastian Rucci Should Not Be Held in Contempt and for Money Sanctions* ("Motion to Enforce") in the State Court Action. Reacting to the Motion to Enforce, with the realistic possibility that CaliParc would be ordered to comply with the May 31 Settlement Agreement to vacate the Real Property, requiring a solution for continued treatment and safety of patients, Receiver contacted the Ohio Mental Health & Addiction Services ("OMHAS") to notify OMHAS of the situation, the potential results emanating from the Motion to Enforce and sought OMHAS' input to determine action plans in the event that patient care and residency needed to be addressed in an emergency or similar situation. OMHAS confirmed to Receiver that it is monitoring the situation and requested a report from Receiver following the October 29, 2019 hearing on the Motion to Enforce. Receiver provided that update, and has continued to update OMHAS periodically and as requested.

On October 30, 2019, the State Court entered its *Agreed Judgment Entry Granting Pender Capital Asset Based Lending Fund I, L.P.'s Motion (A) to Enforce State Court Order*

---

[2] The latest estimate had Pelorus suggesting closing during the week of December 9, 2019.

*Approving Settlement Agreement and Release Effective May 31, 2019 and Enforce Such Agreement and (B) to Show Cause Why Third –Party Defendant California Palms Addiction Recovery Campus Inc. and Plaintiff/Counter-Defendant Sebastian Rucci Should Not Be Held in Contempt and for Money Sanctions* (the "October 30 Order") in which the State Court ordered, among other things:

- Mr. Rucci and CaliParc failed to follow the past orders of the State Court and are held in contempt;

- All parties are to vacate (including patients and invitees) the Real Property not later than December 4, 2019;

- Mr. Rucci and CaliParc agreed to admit no new patients and act to decrease patient census in advance of December 4, 2019;

- Mr. Rucci and CaliParc agreed to cooperate with OMHAS and the Receiver to effectuate safe and complete transfer and transition of all patients, vacating the Real Property, and to file a transition plan not later than November 12, 2019;[3]

- All proceeds from operations of CaliParc are to be used to protect and transition patients and then to pay costs of the Receivership;

- Receiver was to be provided immediate access to all books and records of CaliParc, including the ability to make and effectuate transfers from CaliParc's bank accounts;

- On October 29, 2019 (immediately extended until entry of the October 30 Order), Mr. Rucci and CaliParc were to make and confirm payment of all past due real estate taxes due on the Real Property and $30,000 to Receiver for rent amounts due in partial satisfaction of rent due for September 2019;[4]

- Not later than November 8, 2019, Mr. Rucci and CaliParc were to make and confirm payment to Receiver of $70,000 for rent payments due for September ($20,000) and October ($50,000) of 2019;[5]

---

[3] The transition plan was circulated and filed with the State Court.

[4] These payments have been made.

[5] These payments have not been made.

- Not later than November 8, 2019, Mr. Rucci and CaliParc were to confirm payments have been made for all utilities, taxes and insurance for the Real Property;[6]

- Mr. Rucci and CaliParc were to immediately provide access to all billing and bank account information;[7] and

- Not later than December 2, 2019, Mr. Rucci and CaliParc are required to pay a judgment in favor of Pender in the amount of $77,775.52.[8]

Since entry of the October 30 Order, Mr. Rucci, CaliParc and Pender have negotiated towards a refinance/discounted pay-off. Indeed, the parties had agreed to permit refinancing to be completed at a sum certain on or before the December 4, 2019 deadline for patients to vacate the Real Property. Pender declined to further extend that December 4 deadline. Those efforts led to many exchanges of information and process. In the end, no funding has come through for Mr. Rucci and CaliParc to complete refinancing. As stated earlier, Receiver has not seen any formal or binding letter of commitment binding any lender to fund the refinancing sought.

By the Removal Notice, the State Court Action was removed to the Bankruptcy Court, Receiver believes, without stay and *in toto* and without change. Accordingly, and with deadlines and winter approaching, Receiver is concerned about the Real Property, and more importantly the patients housed within. OMHAS has informed Receiver that it is standing by at the ready to address any situation, should one arise. The October 30 Order, if complied with, addresses the vacation of the Real Property and will allow Receiver to move forward with a sale of such Real Property, creating a pool of money, maximized as best possible from the state the Real Property will be in at that time.

---

[6] These payments have been confirmed.

[7] Upon information and belief, this information was provided.

[8] This payment has not been made.

Accordingly, cognizant of his responsibilities in the absence of any stay, Receiver seeks this Court's instructions on the next actions to take. Receiver welcomes any opportunity to further address the Court, as needed and at the convenience of the Court.

Respectfully submitted,

/s/ John A. Polinko
John A. Polinko (No. 0073967)
E-mail JPolinko@WickensLaw.com
Christopher W. Peer (No. 0076257)
E-mail Cpeer@wickenslaw.com
Docket E-mail: Docket@Wickenslaw.com
WICKENS HERZER PANZA
35765 Chester Road
Avon, OH 44011-1262
(440) 695-8000 (Main)
(440) 695-8098 (Fax)
ATTORNEYS FOR JOHN K. LANE, RECEIVER OVER
    CALIFORNIA PALMS, LLC

## CERTIFICATE OF SERVICE

I certify that on December 3rd, 2019, a true and correct copy of the Receiver's Request for Instructions was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

- United States Trustee (Registered address)@usdoj.gov
- Richard G. Zellers, zellersesq@gmail.com
- John A. Polinko, jpolinko@wickenslaw.com, Christopher W. Peer, cpeer@wickenslaw.com, Attorneys for John K. Lane, Receiver over California Palms, LLC

                                         /s/ John A. Polinko
                                         John A. Polinko
                                         Christopher W. Peer

23566-301/2136877

8

19-42174-jpg    Doc 10    FILED 12/03/19    ENTERED 12/03/19 11:36:57    Page 8 of 8