# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| In re: | Case No. 19-42174 - jpg |
| CALIFORNIA PALMS, LLC, | Judge John P. Gustafson |
|  | Chapter 11 |
| Debtor. |  |

### PENDER CAPITAL ASSET BASED LENDING FUND I, LP'S RESPONSE TO RECEIVER'S REQUEST FOR INSTRUCTIONS

Pender Capital Asset Based Lending Fund I, LP ("Pender") hereby submits this Response to the *Receiver's Request for Instructions* [Docket No. 10] (the "Request") filed by John K. Lane, solely in his capacity as the court-appointed receiver (the "Receiver") for the above-captioned debtor (the "Debtor"), and respectfully states as follows:

1.      After defaulting under a November 2018 settlement agreement resolving certain state court litigation,[1] the Debtor filed a voluntary chapter 11 bankruptcy petition in this Court in February of this year (Case No. 19-40267) and, in connection therewith, removed the state court litigation to this Court (Adv. Proc. No. 19-04010). Ultimately, that bankruptcy case was resolved and dismissed pursuant to a settlement amongst Pender, the Debtor, and certain non-debtor affiliates, which was approved by this Court in June 2019. *See* Docket No. 117 in Case No. 19-40267.

---

[1]     *California Palms, Inc., et al. v. Pender Capital Asset Based Lending Fund I, LP*, pending in the Mahoning County Court of Common Pleas (the "State Court") as Case No. 2018 CV 01015.

2.      The Debtor and its affiliates defaulted under that bankruptcy settlement in August 2019, and the Debtor now files this second chapter 11 case[2] in a disingenuous attempt to flout state court orders entered as a result of such default.  Again, the Debtor also seeks to remove the state court litigation to this Court (Adv. Proc. No. 19-04040) to deprive the State Court of jurisdiction to enforce its orders, including as to non-debtors.

3.      Pender appreciates the Receiver's request for guidance from this Court.  Prior to the December 16, 2019 hearing on the Request, however, Pender will file a motion to dismiss this chapter 11 case for, *inter alia*, the following reasons:

a.      this chapter 11 case constitutes a bad faith filing because, among other things: (i) the order dismissing the prior chapter 11 case bars the Debtor and its affiliates from filing subsequent bankruptcy petitions;[3] (ii) the terms of the settlement approved by this Court provide that a subsequent bankruptcy filing by the Debtor or its affiliates within 180 days of the settlement would be in bad faith; and (iii) this case serves no legitimate purpose contemplated by the Bankruptcy Code;[4] and

b.      this chapter 11 case is an attempted end-around to bypass orders entered by the State Court in violation of the U.S. Supreme Court's *Rooker-Feldman* Doctrine.

Pender will ask the Court to consider its motion on an expedited basis at the December 16, 2019 hearing or otherwise as soon as possible thereafter.

All other rights of Pender are reserved, including the right to seek immediate termination

---

[2]     Pender questions whether the Debtor should have moved to re-open the prior chapter 11 case in which the settlement was approved as opposed to filing a new petition.  Pender reserves all rights on that procedural issue.

[3]     *See* Docket No. 120 in Case No. 19-40267.  Local Bankruptcy Rule 1002-1 provides that the "Clerk may refuse to accept for filing any petition…presented for filing on behalf of a person or entity subject to an order enjoining such person or entity from filing such petition."

[4]     The bad faith nature of the petition is further exemplified by the Debtor's *Memorandum in Support of Good Faith Chapter 11 Filing* [Docket Nos. 4, 6], a document that is not required under the Bankruptcy Code or Bankruptcy Rules and, as such, its very filing demonstrates the Debtor's anticipation of a motion to dismiss on the basis of bad faith.

12869897 v2

of the automatic stay in accordance with this Court's order dismissing the prior bankruptcy case. *See* Docket No. 120 in Case No. 19-40267.

WHEREFORE, Pender respectfully requests that the Court note the forthcoming motion to dismiss in connection with considering the Request and grant other relief as is just and appropriate.

Dated: December 6, 2019

Respectfully submitted,

*/ s/Elliot M. Smith, Esq.*
Elliot M. Smith, Esq. (0078506)
Benesch Friedlander, Coplan &
Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH, 44114
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
Email: esmith@beneschlaw.com

*Attorney for Pender Capital Asset*
*Based Lending Fund I, LP*

12869897 v2

**CERTIFICATE OF SERVICE**

I certify that on December 6th, 2019, a true and correct copy of the foregoing *Pender Capital Asset Based Lending Fund I, LP's Response to Receiver's Request for Instructions* was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

- United States Trustee (Registered address)@usdoj.gov
- Richard G. Zellers, zellersesq@gmail.com, Attorney for Debtor
- John A. Polinko, jpolinko@wickenslaw.com, Attorney for Receiver
- Christopher W. Peer, cpeer@wickenslaw.com, Attorney for Receiver
- Elliot M. Smith, esmith@beneschlaw.com, Attorney for Pender

/s/ *Elliot M. Smith, Esq.*
Elliot M. Smith, Esq. (0078506)
Benesch Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH, 44114

Telephone: (216) 363-4500
Facsimile: (216) 363-4588
Email: esmith@beneschlaw.com

*Attorney for Pender Capital Asset Based Lending Fund I, LP*