UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
(YOUNGSTOWN)

| | |
|---|---|
| IN RE:<br><br>CALIFORNIA PALMS, LLC,<br><br>    Debtor<br>_____<br><br>IN RE:<br><br>CALIFORNIA PALMS, LLC, ET AL.<br><br>    Plaintiffs and<br>    Counter-Defendants<br><br>vs.<br><br>PENDER CAPITAL ASSET BASED<br>LENDING FUND I, L.P.<br><br>    Defendant and Counter-Plaintiff | CASE NO. 19-42174<br><br>JUDGE JOHN P. GUSTAFSON<br><br>CHAPTER 11<br><br><br><br><br><br><br><br><br><br><br>**RECEIVER'S STATUS UPDATE<br>REGARDING ORDER RE:<br>RECEIVER'S REQUEST FOR<br>INSTRUCTIONS** |

\* \* \* \*

NOW COMES John K. Lane of Inglewood Associates LLC, the Court-appointed receiver (the "Receiver") for Debtor California Palms, LLC ("California Palms"), by and through undersigned counsel, and hereby respectfully submits this short update on activity regarding and

relating to the Debtor (and affiliates) and the Austintown Property[1] (the "Status Report") arising from the limited responsibilities assigned to Receiver under this Court's December 17, 2019 Order Re: Receiver's Request for Instructions (the "Court's Instructions") [Docket No.29]. For his Status Report, the Receiver respectfully states:

On December 17, 2019, the Court ordered the Court's Instruction, which clarified the Receiver's role regarding the Debtor while the Debtor is before this Court as a debtor in bankruptcy, specifically instructing Receiver to assist the Court and perform limited oversight activities to maintain the status quo, namely[2]:

(1) Confirm that the real property located at 1051 N. Canfield-Niles Road, Austintown, Ohio ("Austintown Property") remains covered by an appropriate insurance policy;

(2) Confirm that utilities for the Austintown Property remain paid in full;

(3) Obtain a periodic patient census from Debtor regarding the number of the patients remaining at the Austintown Property;

(4) Otherwise monitor the Austintown Property with an eye towards maintaining the safety and security of the property and preserving the status quo; and

(5) Collect $25,000 from Debtor to assist with the costs associated with Receiver's duties under the Court's Instructions.

Moreover, the Court's Instructions required the Debtor to cooperate with Receiver's requests and inquiries.

---

[1] As defined herein.

[2] Notably, both Debtor, certain Debtor affiliates and Debtor's primary creditor and secured lender, Pender Capital Asset Based Lending Fund I, L.P. ("Pender") verbally consented to Receiver's continued involvement and the terms in the Court's Instruction.

Accordingly, as of the morning of December 23, 2019,[3] the Receiver reports in this Status Report the following:

(1) **Confirmation that the Austintown Property is Insured.** Immediately following entry of the Court's Instructions, Receiver Lane asked Mr. Rucci to confirm that the insurance was paid and to provide authorization for the Debtor's insurance agent to speak with the Receiver. On Wednesday, December 18, 2019, Mr. Rucci provided a Certificate of Liability Insurance dated that December 18, 2019. Evidence that property insurance premiums were paid was not provided. On Thursday, December 19, 2019 Mr. Rucci authorized the Receiver to contact the Debtor's insurance agent, and a request to confirm that the insurance premiums have been paid has been sent to the insurance agent. As of today, the Receiver has been advised that the insurance is in good standing.

(2) **Confirmation that the utilities for the Austintown Property are Paid in Full.** Immediately following entry of the Court's Instructions, Receiver Lane asked Mr. Rucci on several occasions for a schedule of all of the Debtor's utility companies, the user names and passwords for each so monitoring and confirmation could seamlessly occur. Mr. Rucci indicated on Thursday, December 19, 2019, that he was unsure whether they had online access to these accounts. On Saturday, December 21, 2019, Mr. Rucci provided the Receiver a copy of a recent water and gas bill. **Exhibit A** attached is a copy of the water and gas bill provided.

The Youngstown Water Department bill in the name of California Palms Red Roof Inn, YGSI[4] for the Austintown Property indicated that services for the periods ended December 10, 2019 and November 7, 2019 were unpaid, with the last payment being made

---

[3] Debtor and Debtor's affiliates may cure these issues at any time and Receiver will be available to update the Court on December 30, 2019 upon inquiry from the Court.

[4] This is understood to be a past operation of the Austintown Property.

October 21, 2019. The prior month's balance of $991.11 was considered past due and that if this amount was not paid immediately "service will be disconnected." The due date for the current services was December 24, 2019. The total amount due was $2,364.82.

The Dominion Energy gas bill in the name of California Palms for the Austintown Property indicated that services for the periods ended December 10, 2019 and November 8, 2019 were unpaid. The gas bill further indicated that it was a shut off notice and that "gas service could be shut-off at any time" for not paying a disconnection fee of $324.12 and also could be shut off if the additional past due amount of $605.20 was not paid on or before December 27, 2019. Full payment for current and past due services was required by December 27, 2019. The total amount due was $2,049.79.

Included in the documents provided was a print out of an apparent website that did not provide any account activity, but indicated that the balance of $0.00 was due December 27, 2019. From prior documents provided, however, it is believed that the last payment to the electric company was made on October 25, 2019 in the amount of $5,563.07 in order to avoid the electric service from being disconnected (see **Exhibit B**).

When pressed for electronic or online access to utility accounts, Mr. Rucci responded that he did not believe that he had access to utility accounts online or electronically, but offered to connect Receiver with an associate, who was not available at that time. Mr. Rucci subsequently stated that he was unable to pay the utility bills because he funded the receivership $25,000.00, but stated that he would fully pay the utilities on Monday, December 23, 2019.

In summary, it appears to Receiver that the utilities for the facility are in imminent danger of being shut off. Lack of payment of the utilities bills appears to have been an ongoing issue with the Debtor, but perhaps the matter will be resolved later today.

(3) **Monitoring Patient Census.** Immediately following entry of the Court's Instructions, Receiver Lane requested that Mr. Rucci provide census information (without personal info) from the Debtor's third-party billing service and to further confirm authorization for the owner of that service to speak with the Receiver. The information was requested from the third-party billing service because on several occasions prior to the entry of the Court's Instructions, and under the orders of the Mahoning Court of Common Pleas, Mr. Rucci's representations, schedules and documents have ultimately proven to be inconsistent and as a result, inaccurate. On Thursday, December 19, 2019, Mr. Rucci emailed Receiver Lane that 20 patients are on site. When additional support for the reported census was requested, Mr. Rucci stated that the billing service "does not account for patients we scholarship (free) and those from insurances that have yet to be approved, like CareSource, as such their number is not our census." Mr. Rucci did not provide information beyond that, and he stated the he believed that this level of detail is responsive to the Court's Instructions. Accordingly, Receiver is uncertain of the actual census of patients on site at the Austintown Property and how "scholarship patients" are or are not being counted.

In addition to concerns as to the accuracy of the number of patients, the Receiver has concerns as to the existence of "scholarship (free)" patients residing at the facility for which no lease appears to exist.

(4) **Maintaining Status Quo.** Immediately following entry of the Court's Instructions, Receiver Lane contacted Mr. Rucci several times for all purposes. He also continues periodic contact with Ohio Mental Health and Addiction Services, the agency who would be tasked with addressing patient care and placements in an emergency situation. Despite concern about the continued supply of utilities, and an accurate count of patients, Receiver is

aware of no actions or inactions causing immediate crisis. Cessation of utilities or failure of Debtor's affiliates to properly discharge care and duties would likely alter this comment.

    (5)    **Payment of $25,000.00.** Receiver Lane did receive payment of $25,000, which is in the receivership account.

Accordingly, cognizant of his responsibilities under the Court's Instructions and to inform the Court, Receiver submits this Status Update. Receiver welcomes any need to further address the Court, as needed and at the convenience of the Court.

    Respectfully submitted,

/s/ John A. Polinko
Christopher W. Peer (No. 0076257)
E-mail Cpeer@wickenslaw.com
John A. Polinko (No. 0073967)
E-mail JPolinko@WickensLaw.com
Docket E-mail Docket@Wickenslaw.com
WICKENS HERZER PANZA
35765 Chester Road
Avon, OH 44011-1262
(440) 695-8000 (Main)
(440) 695-8098 (Fax)

ATTORNEYS FOR RECEIVER, JOHN K. LANE AND INGLEWOOD ASSOCIATES LLC

# CERTIFICATE OF SERVICE

I certify that on December 23, 2019, a true and correct copy of the *Receiver's Status Update Regarding Order Re: Request for Instructions* was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

- Sven T. Nylen    snylen@beneschlaw.com, docket@beneschlaw.com; kharmon@beneschlaw.com
- John A. Polinko    JPolinko@WickensLaw.com, Christopher W. Peer, cpeer@wickenslaw.com, docket@wickenslaw.com; epopke@wickenslaw.com
- Sebastian Rucci    SebRucci@gmail.com
- Elliot Michael Smith    ESmith@beneschlaw.com, Docket@beneschlaw.com
- United States Trustee    (Registered address)@usdoj.gov
- Joshua Ryan Vaughan    jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM; rschroeter@amer-collect.com; HouliECF@aol.com
- Richard G. Zellers    zellersesq@gmail.com
- Tiiara N. A. Patton ust401    tiiara.patton@usdoj.gov

                                            /s/ John A. Polinko
                                            John A. Polinko
                                            Christopher W. Peer