# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>CALIFORNIA PALMS, LLC,<br><br>        Debtor. | Case No. 19-42174 - jpg<br><br>Judge John P. Gustafson<br><br>Chapter 11 |

### PENDER CAPITAL ASSET BASED LENDING FUND I, LP'S REPLY IN SUPPORT OF MOTION TO DISMISS CHAPTER 11 CASE

Pender Capital Asset Based Lending Fund I, LP ("Pender") hereby submits this Reply in support of *Pender Capital Asset Based Lending Fund I, LP's Motion to Dismiss Chapter 11 Case* [Docket No. 20] (the "Motion to Dismiss")[1] in accordance with Local Bankruptcy Rule 9013-1(c), and respectfully states as follows:

### PRELIMINARY STATEMENT

1. Apart from a few new attempts at misdirection, the *Response to Pender's Motion to Dismiss* [Docket No. 37] (the "Response") is merely a "re-packaging" of the same arguments that the Debtor[2] has been making since the initiation of the State Court litigation in 2018. Now, the Debtor claims that the acceptance of the May Settlement approved by the 9019 Order was a product of "economic duress" and, therefore, this Court should relieve the Debtor and the Non-

---

[1] Capitalized terms not otherwise defined herein shall have the meanings provided in the Motion to Dismiss.

[2] The Response was submitted collectively by the Debtor and certain Non-Debtor Affiliates. For the sake of brevity, this Reply generally only refers to the Debtor in connection with responding to the arguments and allegations set forth in the Response.

Debtor Affiliates from orders entered by both this Court and the State Court in connection with the settlement.

2. In support of this economic duress theory, the Response rehashes the same allegations that the May Settlement resolved and attempts to characterize Pender as a "bad guy" for exercising remedies contemplated under the May Settlement.[3] The Response, however, fails to allege any economic coercion by Pender that forced the Debtor to agree to the May Settlement. Indeed, any such allegation is belied by the facts that the Debtor and Non-Debtor Affiliates were represented by counsel *and could have sought relief from this Court to address any purported coercion*. Hence, there is no basis for undoing orders of this Court or the State Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[4]

3. Moreover, the Debtor's attempts to avoid the application of the *Rooker-Feldman* Doctrine are unavailing. The lynchpin of this Second Chapter 11 Case is the Debtor's use of Rule 60(b) to undo orders entered by the State Court. Such relief is prohibited by *Rooker-Feldman*, and is inconsistent with judicial policies favoring settlements and the finality of judgments.

4. For the reasons set forth therein, and as further discussed below, the Motion to Dismiss should be granted.

---

[3] Pender categorically denies most, if not all, of the self-serving allegations in the Response and the declarations of Sebastian Rucci in support of the Debtor's chapter 11 petition filed at Docket Nos. 3 and 5 ("Rucci Declaration"). Regardless, the Motion to Dismiss can be adjudicated solely based on: (i) orders entered by this Court and the State Court; and (ii) judicial notice of the disputes at issue in the First Chapter 11 Case, this Second Chapter 11 Case, and related adversary proceedings. Even taking the allegations of the Response and Rucci Declaration as true for the sake of argument, dismissal is warranted.

[4] The Debtor previously filed a Rule 60(b) motion in the Foreclosure Action pending before the State Court (attached hereto without exhibits as <u>Exhibit A</u>) on November 12, 2019. One week later, however, the Debtor filed a notice of withdrawal of that Motion (attached hereto as <u>Exhibit B</u>).

2

## ARGUMENT

### A. "Economic Duress" Does Not Relieve the Debtor from the May Settlement Terms

5. In connection with considering the issue of economic duress as a defense to the terms of a settlement, the Supreme Court of Ohio stated:

> We decline to accept the proposition that if an appellant executes a satisfaction of judgment merely because she cannot afford to wait for the outcome of an appeal, that satisfaction of judgment may be subsequently avoided. Almost every settlement agreement contains some modicum of coercion or duress. An appeal or prospect of a trial always involves a degree of risk to both parties. The law encourages settlement of disputes. By executing the satisfaction of judgment, [wife] could be sure she collected $2,765,000. If she did not execute the document, the judgment awarded her by the trial court remained subject to the risk that [husband] would convince the court of appeals to enforce the antenuptial agreement. It is noteworthy that [wife] made her choice with the benefit of the advice of counsel.

*Blodgett v. Blodgett*, 551 N.E.2d 1249, 1252 (1990). Ultimately, the Supreme Court of Ohio found that the record was devoid of any evidence of legal duress by the husband to coerce the wife into the settlement. *Id*. at 1251–52.

6. The Response fails to allege any action taken by Pender in connection with the May Settlement that deprived the Debtor and the Non-Debtor Affiliates of their free will in deciding whether to enter into that settlement. Indeed, the Debtor and the Non-Debtor Affiliates could have instead decided to continue litigating with Pender in connection with the First Chapter 11 Case and the related-adversary proceeding. Moreover, the Debtor and Non-Debtor Affiliates were represented by counsel in connection with the May Settlement. As such, there is no basis to relieve the Debtor and Non-Debtor Affiliates from their obligations under the 9019 Order.

7. The Response sets forth various allegations about the initial funding of the loan from Pender. Those same allegations, however, formed the basis of the Foreclosure Action (which was initiated *by the Debtor* as an action seeking, *inter alia*, rescission of the loan) and Adversary Proceeding No. 19-04010, both of which were intended to be resolved by the May Settlement and,

thus, cannot be plausibly asserted as the basis for undoing the 9019 Order. Such circular reasoning is logically indefensible and inconsistent with the policy of encouraging settlements as a preferred way of resolving disputes. Similarly, the Response's allegations about Pender's enforcement of its rights under the May Settlement post-default are irrelevant to the issue of whether the Debtor and Non-Debtor Affiliates had entered into the May Settlement as a result of economic duress.

### B. The *Rooker-Feldman* Doctrine Mandates Dismissal

8. Despite the Debtor's convoluted assertions to the contrary, the *Rooker-Feldman* Doctrine applies to bar the Second Chapter 11 Case.

#### (i) Bankruptcy Rule 9027 Does Not Operate to Bar the Application of the *Rooker-Feldman* Doctrine

9. The Debtor is correct that, under certain circumstances, when a state court action is removed pursuant to Bankruptcy Rule 9027, the bankruptcy court is permitted, but not required, to dissolve or modify state court orders that were entered prior to removal. Such dissolution or modification, however, is not permissible where the *Rooker-Feldman* doctrine is implicated because, through removal, the debtor merely seeks a second bite at the apple and an opportunity to re-litigate issues it lost in the state court action.

10. None of the cases cited by the Debtor relative to this argument involve state court actions that were removed by the respective debtor for the purpose of overturning rulings that such debtor lost in the removed state court action, or even mention *Rooker-Feldman*. Where, as here, a debtor seeks to remove a state court action under Bankruptcy Rule 9027 for the sole purpose of appealing orders entered in the state court action, the *Rooker-Feldman* Doctrine operates to bar such removal. *See, e.g., Gruppo Formstar LLC v. FM Forrest, Inc. (In re FM Forrest, Inc.)*, 587 B.R. 891, 911 (Bankr. S.D. Tex. 2018) ("It is irrelevant whether the state court loser files a new suit in federal court or simply removes the existing state court lawsuit to federal court. What

4

19-42174-jpg    Doc 40    FILED 12/29/19    ENTERED 12/29/19 15:46:04    Page 4 of 9

counts is whether the state court loser is requesting the federal court to review and reject (i.e. vacate or review) the judgment that the state court has previously entered.").

11. The fact that the Debtor removed the Foreclosure Action through the invocation of Bankruptcy Rule 9027 does not inhibit the application of the *Rooker-Feldman* Doctrine where, as here, the Debtor removed the action for the purpose of appealing orders entered therein. Consequently, the Debtor's argument to the contrary is erroneous and should be disregarded.

      *(ii)*      ***Rooker-Feldman's*** **Applicability Does Not Depend Upon the State Court Action Having Ended**

12. Furthermore, the applicability of the *Rooker-Feldman* Doctrine does not depend upon the State Court Action having ended.[5] In fact, the Sixth Circuit Court of Appeals has held that the *Rooker-Feldman* doctrine applies the same to interlocutory state court orders as it does to final state court orders. *See, e.g., Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 462 (6th Cir. 2003) ("We…join with the majority of circuits that have concluded that the *Rooker-Feldman* doctrine does apply to interlocutory orders and to orders of lower state courts.") The Sixth Circuit has not deviated from its holding in *Pieper* post *Exxon Mobil*. *See also Wards Corner/I-275 Research Ctr. LLC v. Crane (In re Crane)*, 2005 WL 4030137, (Bankr. S.D. Ohio July 9, 2005) (applying *Rooker-Feldman* to interlocutory order post *Exxon Mobil*); *Deters v. Davis*, 2011 WL 2417055, (E.D. Ky. June 13, 2011) (same).[6] Consequently, under Sixth Circuit precedent, the

---

5      The Response cites to *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* for the proposition that "*Rooker-Feldman* is not applicable until 'the state proceeding [have] ended.'" Response at p. 3, *citing Exxon Mobil*, 544 U.S. 280, 291 (2005). In fact, *Exxon Mobil* merely recites the history of the *Rooker* and *Feldman* cases: "In both cases, the losing party in the state court filed suit in federal court after the state proceedings ended…" *Id*. at 291. Nowhere does *Exxon Mobil* hold that the end of state court proceedings is a prerequisite to the application of the *Rooker-Feldman* doctrine as the Debtor would have this Court believe.

6      These unreported cases are attached hereto as <u>Exhibit C</u> and <u>Exhibit D</u>.

*Rooker-Feldman* Doctrine applies here to prohibit the reconsideration of orders entered by the State Court.

      **(iii)    This Bankruptcy Case is Predicated on Re-Litigating Issues Resolved in State Court and, thus, *Rooker-Feldman* Mandates Dismissal**

13.    The Debtor mischaracterizes this Second Chapter 11 Case and concomitant removal of the State Court Action as an independent claim seeking redress for Pender's alleged wrongful actions rather than what it actually is: an attempt to re-litigate issues already resolved by orders entered by the State Court as contemplated in this Court's 9019 Order. That assertion is belied by the procedural mechanism relied upon by the Debtor (*i.e.*, FRCP 60(b)) and the fact that any facially plausible allegations supporting the Debtor's "economic duress" theory are the same allegations in the Debtor's complaint initiating the Foreclosure Action and in its prior adversary proceeding. The Debtor does not assert any independent claims that are not barred by *Rooker-Feldman*.

**C.  The Debtor's Red Herrings Do Not Withstand Scrutiny**

14.    In a disingenuous attempt to attack the State Court's orders, the Debtor tries to manufacture two procedural infirmities where none exist. None, however, withstand scrutiny.

15.    *First*, the Debtor argues that the foreclosure is not final because it fails to account for a lien in favor of the Ohio Department of Job and Family Services ("Ohio DJFS"). The Debtor, however, does not allege that the Ohio DJFS was not properly served and on notice that it would be defaulted for failure to answer. To the contrary, Ohio DJFS appeared in the First Chapter 11 Case. *See* Docket No. 72 in Case No. 19-40267. As such, Ohio DJFS was served with the motion to approve the 9019 Order. Furthermore, relevant certificates of service indicate that Ohio DJFS was served with the various notices of the settlement and related documents, including the Foreclosure Judgment which includes the language the Debtor relies upon. Moreover, Ohio DJFS

6

19-42174-jpg    Doc 40    FILED 12/29/19    ENTERED 12/29/19 15:46:04    Page 6 of 9

has appeared in this Second Chapter 11 Case. *See* Docket No. 17. It is evident that Ohio DJFS is aware of the Foreclosure Action, as well as the bankruptcy proceedings, and can take action to protect its interests.

16. *Second*, the Response asserts that the Debtor's Adversary Proceeding No. 19-04040 (the "Removed Litigation") constitutes a claim against Pender that must be resolved prior to the resolution of any foreclosure. That argument, however, mischaracterizes the relief sought by the Debtor in the Removed Litigation. There is no pending "counterclaim" against Pender in the Removed Litigation. Rather, the Debtor only now seeks relief from prior orders of the State Court (which were contemplated in this Court's 9019 Order) on the basis of Rule 60(b) of the Federal Rules of Civil Procedure. As discussed above: (i) the Debtor's economic duress argument fails to provide any basis for relief from the 9019 Order and the May Settlement; and (ii) such an attempt is barred by the *Rooker-Feldman* Doctrine.

**D. Reservation of Rights**

17. This Reply is not intended to address each and every allegation and argument included in the Response, including without limitation, the Debtor's application of the factors used to evaluate the issue of bad faith. Pender reserves the right to oppose any and all allegations, evidentiary submissions, and arguments at the hearing on the Motion to Dismiss.

*-Remainder of Page Intentionally Blank-*

WHEREFORE, Pender respectfully requests that the Court grant the Motion to Dismiss and grant other relief as is just and appropriate.

Dated: December 29, 2019

        BENESCH, FRIEDLANDER, COPLAN
            & ARONOFF LLP

Elliot M. Smith, Esq. (0078506)
200 Public Square, Suite 2300
Cleveland, OH, 44114
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
Email: esmith@beneschlaw.com

-and-

/s/ *Sven T. Nylen*
Sven T. Nylen (admitted *pro hac vice*)
71 South Wacker Drive, Suite 1600
Chicago, Illinois, 60606
Telephone: (312) 624-6388
Facsimile: (312) 767-9192
Email: snylen@beneschlaw.com

*Attorneys for Pender Capital Asset Based Lending Fund I, LP*

# CERTIFICATE OF SERVICE

I certify that on December 29, 2019, a true and correct copy of the foregoing *Pender Capital Asset Based Lending Fund I, LP's Reply in Support of Motion to Dismiss Chapter 11 Case* was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

- United States Trustee (Registered address)@usdoj.gov
- Richard G. Zellers, zellersesq@gmail.com, Attorney for Debtor
- John A. Polinko, jpolinko@wickenslaw.com, Attorney for Receiver
- Christopher W. Peer, cpeer@wickenslaw.com, Attorney for Receiver
- Wilbert Farrell IV, WFarrell@WickensLaw.com, Attorney for Receiver
- Josh Vaughan, JVaughan@amer-collect.com, Attorney for State of Ohio, Bureau of Workers Compensation, Department of Job and Family Services, and Department of Taxation
- Elliot M. Smith, esmith@beneschlaw.com, Attorney for Pender
- Sebastian Rucci, SebRucci@gmail.com, *pro se*

/s/ *Sven T. Nylen*
Sven T. Nylen (admitted *pro hac vice*)
71 South Wacker Drive, Suite 1600
Chicago, Illinois, 60606
Telephone: (312) 624-6388
Facsimile: (312) 767-9192
Email: snylen@beneschlaw.com

*Attorney for Pender Capital Asset Based Lending Fund I, LP*